IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| URIAH PRODUCTS, LLC., | ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) Civil Action No. _____ |
| v. | ) <br> ) **JURY TRIAL DEMANDED** |
| CURT MANUFACTURING LLC., | ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Uriah Products, LLC ("Uriah" or "Plaintiff"), by and through its attorneys, hereby brings this Complaint for patent infringement against Defendant CURT Manufacturing LLC ("CURT" or "Defendant") and alleges as follows. The allegations herein are made based on personal knowledge as to Plaintiff with respect to its own actions and upon information and belief as to all others.

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. and for such other relief as the Court deems just and proper. Plaintiff's claims are based on Defendant's infringement of U.S. Patent No. 10,857,846 ("the '846 patent"). A true and correct copy of the '846 patent is attached hereto as **Exhibit A**.

**THE PARTIES**

2. Plaintiff Uriah Products, LLC is a limited liability company organized and existing under the laws of Missouri and has a principal place of business at 120 South Central Ave., Clayton, MO 63105.

1

3.      Upon information and belief, Defendant CURT is a limited liability company organized and existing under the laws of Delaware and has a principal place of business at 3501 County Road 6 East, Elkhart, Indiana 46514.

4.      Upon information and belief, Defendant CURT may be served through its registered agent, CORPORATION SERVICE COMPANY, 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204. *See id.*

## JURISDICTION AND VENUE

5.      This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*.

6.      This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq*.

7.      This Court has personal jurisdiction over Defendant because Defendant has its principal place of business in Indiana and in this District. On information and belief, Defendant has transacted and is continuing to transact business in this District that includes, but is not limited to, committing acts of patent infringement giving rise to this action by use and sale of products and systems that practice the subject matter claimed in the '846 patent involved in this action.

8.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has a regular and established place of business in this District and has committed acts of infringement in this District.

# BACKGROUND

9. Plaintiff Uriah is a leading manufacturer and distributor of trailer parts such as trailer hitches and ball mounts. Based in Missouri, Plaintiff has since its founding in 2004 provided quality trailer parts for customers across the United States.

10. One of Plaintiff's most successful products is the Aluma-Tow Hitch Ball Mount, which is a receiver hitch used for towing. An image of the Aluma-Tow Hitch Ball Mount is provided below as Figure 1.



**Figure 1**
**(Uriah Aluma-Tow Hitch Ball Mount)**

11. The '846 patent, entitled "Adjustable Hitch Assembly," was duly and lawfully issued by the U.S. Patent and Trademark Office on December 8, 2020. Uriah is the current owner of all rights, title, and interest in the '846 patent.

12. The '846 patent is generally directed to an adjustable hitch assembly that includes a hitch bracket, a vertically-adjustable hitch-ball mounting block, hitch balls, and other hardware including hitch pins.

13. Plaintiff has sought to protect its intellectual property with patents such as the '846 patent. For example, the Aluma-Tow Hitch Ball Mount products are associated with the '846 patent on Aluma-Tow's website. *See* https://alumatow.com/patents/ (last accessed October 16, 2024).

14. This patent infringement action arises because of CURT's use, sale, and offer for sale of trailer hitch ball mounts to customers in the United States. For example, on information and belief, CURT distributes and sells trailer hitch ball mounts that infringe one or more claims of the '846 patent, including but not necessarily limited to the Alumalite Adjustable Aluminum Hitch with Dual Ball, 9-1/2" Drop #45366, Alumalite Adjustable Aluminum Hitch with Dual Ball, 7-1/2" Drop #45365, Alumalite Adjustable Aluminum Hitch with Dual Ball, 3-1/2" Drop #45364, and Alumalite Adjustable Aluminum Hitch with Dual Ball, 5-1/2" Drop #45363 (the "Accused Products"). *See, e.g.*, https://www.curtmfg.com/towing-accessories/ball-mounts?product_list_limit=36 (last accessed October 16, 2024). Upon information and belief, the Accused Products are nearly identical, except for differences in the size and maximum "drop" (*i.e.*, the distance between the top of the hitch and the ball mount) of the hitch. An image of a representative Accused Product is provided below as Figure 2.



**Figure 2**
**(Representative Accused Product, Alumalite Adjustable Aluminum Hitch with Dual Ball, 5-1/2" Drop #45363)[1]**

### COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 10,857,846

15.  Plaintiff incorporates by reference the allegations in Paragraphs 1-14 of this Complaint as if fully set forth herein.

16.  The '846 patent is in effect and is presumed valid under the Patent Laws of the United States.

17.  On information and belief, Defendant CURT has infringed and is infringing at least one claim of the '846 patent under 35 U.S.C. §271 by making (or having made), using, offering for sale, selling, and/or importing in the United States, without authority, the Accused Products.

18.  Claim 1 of the '846 patent recites as follows:

An adjustable hitch assembly, comprising:

---

[1] *See* https://www.curtmfg.com/part/45363 (last accessed October 16, 2024).

>a hitch bracket;
>
>a vertically-adjustable hitch-ball mounting block;
>
>a plurality of hitch pins;
>
>one or more hitch balls; and
>
>wherein the hitch bracket is generally L-shaped and comprises a generally horizontal drawbar portion having a rectilinear cross-section as well as a generally-vertical tenon portion having a rectilinear cross-section;
>
>wherein the vertically-adjustable hitch-ball mounting block comprises a web,
>
>arms extending out of the web, and
>
>in-turned flanges on the arms spaced away from the web which collectively define a slotted mortise hole aligned generally on a vertical axis and having a generally rectilinear cross-section for receiving the tenon portion for sliding elevational adjustability thereon;
>
>wherein the vertically-adjustable hitch-ball mounting block is vertically adjustable on the post portion of the hitch bracket; and
>
>wherein the web of the vertically-adjustable hitch-ball mounting block defines a rear wall for the slotted mortise hole and is formed with a generally vertical through hole;
>
>the hitch ball comprises a cylindrical shank base that transitions into a neck which in turn transitions into a ball head;
>
>said cylindrical shank base of the hitch ball is received in the through hole in the web of the vertically-adjustable hitch-ball mounting block;
>
>said rear wall for slotted mortise hole of the vertically-adjustable hitch-ball mounting block is formed with a pin-receiving hole into the through hole and adapted for a pin to secure the hitch ball.

19. On information and belief, Defendant CURT has made, used, imported, sold, and/or offered to sell the Accused Products. The claim chart below shows how at least independent claim 1 of the '846 patent reads on the Accused Products, based on information

6

currently available to Plaintiff and their attorneys. The images in the claim chart below are of a representative Accused Product, *i.e.*, the Alumalite Adjustable Aluminum Hitch with Dual Ball, 5-1/2" Drop #45363, which upon information and belief is representative of the Accused Products. This claim chart is not intended to limit the scope of Plaintiff's infringement claim in any way and is intended to be without prejudice to Plaintiff's ability to assert different or additional claims of the '846 patent against Defendant CURT and/or to apply such claims to the Accused Products differently in view of additional information that Plaintiff and their attorneys may acquire during the course of this litigation.

20. The Accused Products meet each element of claim 1 of the '846 patent:

| Claim 1 of the '846 Patent | Accused Products |
|---|---|
| 1. An adjustable hitch assembly, comprising: | The Accused Products are adjustable hitch assemblies. |

| Claim 1 of the '846 Patent | Accused Products |
|---|---|
| a hitch bracket; | The Accused Products include a hitch bracket (red arrow). |
| a vertically-adjustable hitch-ball mounting block; | The Accused Products include a hitch ball mounting block (see A) that can be vertically adjusted onto the hitch bracket (see B). |

| Claim 1 of the '846 Patent | Accused Products |
|---|---|
| a plurality of hitch pins; | The Accused Products include a plurality of hitch pins, as indicated by the red boxed areas. |
| one or more hitch balls; and | The Accused Products include multiple hitch balls, as indicated by the red arrows. |

9

| Claim 1 of the '846 Patent | Accused Products |
|---|---|
| wherein the hitch bracket is generally L-shaped and comprises a generally horizontal drawbar portion having a rectilinear cross-section as well as a generally-vertical tenon portion having a rectilinear cross-section; | <br>The Accused Products' hitch bracket is generally L shaped, and includes a horizontal drawbar portion (see A) and a vertical tenon portion (see B).<br> <br>The horizontal drawbar portion (A) and the vertical tenon portion (B) each have a rectilinear cross-section. |

10

| Claim 1 of the '846 Patent | Accused Products |
|---|---|
| wherein the vertically-adjustable hitch-ball mounting block comprises a web, arms extending out of the web, and in-turned flanges on the arms spaced away from the web which collectively define a slotted mortise hole aligned generally on a vertical axis and having a generally rectilinear cross-section for receiving the tenon portion for sliding elevational adjustability thereon; | The Accused Products' vertically adjustable hitch-ball mounting block includes a web (A), arms extending out of the web (B), in-turned flanges on the arms (C), and a slotted mortise hole (D) that is rectilinear so as to accept the tenon portion of the hitch bracket. |
| wherein the vertically-adjustable hitch-ball mounting block is vertically adjustable on the post portion of the hitch bracket; and | The Accused Products' vertically adjustable hitch ball mounting block (see A) is vertically adjustable on the post portion of the hitch bracket (see B). |

11

| Claim 1 of the '846 Patent | Accused Products |
|---|---|
| wherein the web of the vertically-adjustable hitch-ball mounting block defines a rear wall for the slotted mortise hole and is formed with a generally vertical through hole; | As shown above, the Accused Products' vertically adjustable mounting block defines a rear wall for the slotted mortise hole (A) and a generally vertical through hole (B).<br><br>Alternatively, the Accused Products' vertically adjustable mounting block defines a rear wall for the slotted mortise hole that exends at least to the rear wall of the vertical through hole. |

| Claim 1 of the '846 Patent | Accused Products |
|---|---|
| the hitch ball comprises a cylindrical shank base that transitions into a neck which in turn transitions into a ball head; | Each hitch ball of the Accused Products includes a cylindrical shank base (A) that transitions into a neck (B) which transitions into a ball head (C). |
| said cylindrical shank base of the hitch ball is received in the through hole in the web of the vertically-adjustable hitch-ball mounting block; | The hitch ball's cylindrical shank base can be received through the hole in the web of the vertical mounting block, as seen above. |

| Claim 1 of the '846 Patent | Accused Products |
|---|---|
| said rear wall for slotted mortise hole of the vertically-adjustable hitch-ball mounting block is formed with a pin-receiving hole into the through hole and adapted for a pin to secure the hitch ball. | As shown above, the mounting block of the Accused Products includes a rear wall for the slotted mortise hole (A) that is formed with pin-receiving holes into the through hole and adapted for a pin to secure the hitch ball.<br><br>Alternatively, the rear wall for the slotted mortise hole of the Accused Products' mounting block exends at least to the rear wall of the vertical through hole, and is formed with pin-receiving holes into the through hole and adapted for a pin to secure the hitch ball. |

21.     Accordingly, Defendant has been and still is directly infringing at least claim 1 of the '846 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. §271 by making (or having made), using, selling, offering for sale, and/or importing in the United States the Accused Products.

22.     On information and belief, Defendant has had knowledge of the '846 patent based on the marking of products produced by Plaintiff, which are covered by one or more claims of the '846 patent. *See* https://alumatow.com/patents/ (last accessed October 16, 2024).

23. Defendant will continue to directly and indirectly infringe, literally and under the doctrine of equivalents, unless enjoined by this Court.

24. As a result of Defendant's infringement of the '846 patent, Plaintiff has suffered monetary damages, including without limitation lost profits and licensing royalties, in an amount not yet determined, has suffered irreparable harm and will continue to suffer irreparable harm in the future unless Defendant's infringing activities are enjoined by this Court.

25. Plaintiff will be greatly and irreparably harmed until Defendant and their agents, servants, employees, attorneys, representatives, and all others acting on their behalf are enjoined by this Court from infringing the '846 patent, and thus, Plaintiff is without an adequate remedy at law.

26. Despite having knowledge of the '846 patent and the technology it covers, Defendant continues to sell the Accused Products. Defendant's conduct toward Plaintiff in connection with its deliberate disregard of the '846 patent was and continues to be egregious.

27. Thus, Defendant's infringement of the '846 patent, which is entitled to a statutory presumption of validity under 35 U.S.C. § 282, has been and continues to be deliberate and willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.  A judgment in favor of Plaintiff against Defendant;

B.  A judgment that Defendant has infringed and continues to infringe the claims of the '846 patent;

C.  A judgment that Defendant, its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, be preliminarily

    and permanently enjoined and restrained from further infringing the claims of the '846 patent during its term;

D. A judgment against Defendant awarding Plaintiff damages suffered by Plaintiff in accordance with 35 U.S.C. § 284 on account of Defendant's infringement of the '846 patent;

E. A declaration that this action is an exceptional case under 35 U.S.C. § 285 and an award to Plaintiff of its attorneys' fees incurred in filing this action; and

F. Such other and further relief as this Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

Date: October 24, 2024

Respectfully submitted,

/s/ *Taylor Carpenter*
Taylor Carpenter (Indiana Bar. No. 36335-49)
TCarpenter@Calfee.com
CALFEE, HALTER & GRISWOLD LLP
3900 Salesforce Tower
111 Monument Circle
Indianapolis, Indiana 46204
(317) 308-4282 (telephone)
(317) 759-7319 (facsimile)

Todd R. Tucker (*pro hac vice* to be filed)
ttucker@calfee.com
Yizhou Brad Liu (*pro hac vice* to be filed)
bliu@calfee.com
Kyle Deighan (*pro hac vice* to be filed)
kdeighan@calfee.com
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114
(216) 622-8200 (telephone)
(216) 241-0816 (facsimile)

*Attorneys for Plaintiff Uriah Products, LLC*