**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

URIAH PRODUCTS , LLC,

    Plaintiff,

        v.                       CASE NO. 3:24-CV-873-DRL-SJF

CURT MANUFACTURING LLC,

    Defendant.

**OPINION and ORDER**

Ripe before the Court is Defendant's Motion to Compel Discovery Responses filed on May 6, 2026. For the reasons explained below, Defendant's motion will be granted.

**I.    Background**

On October 24, 2024, Plaintiff Uriah Products, LLC filed this action against Defendant Curt Manufacturing LLC. Plaintiff alleges that Defendant infringed its patent for an adjustable hitch assembly. Defendant counterclaimed for declaratory judgments of noninfringement and invalidity; unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and Indiana law; bad faith assertion of patent infringement, Ind. Code. § 24-11-5-1; and tortious interference with business relationships.

The Court entered its Rule 16(b) Scheduling Order on April 22, 2025, setting specific deadlines for preliminary disclosures and claim construction proceedings, as well as other case management deadlines contingent on the date of Court's claim

construction order.[1] Defendant then served Requests for Production of Documents and Interrogatories on October 23, 2025. Plaintiff responded to these requests on November 24, 2025. Plaintiff's interrogatory responses included references to documents under Federal Rule of Civil Procedure 33(d). Plaintiff then indicated that it would produce all responsive and non-privileged documents along with its generalized objections.

But no documents were produced in the months thereafter, prompting Defendant to request production on February 12, 2026, March 13, 2026, and March 27, 2026. The parties then met via teleconference on April 1, 2026, regarding Plaintiff's failure to produce responsive documents. Defendant summarized the outcome of this meeting in an email dated April 2, 2026, stating that Plaintiff represented: "(1) it had already collected responsive documents and they were ready for production, and (2) it would 'provide a reasonable date certain no later than Friday, April 10 by which [Curt] can expect Uriah to begin its rolling production of responsive documents.'" [*See* DE 50-6 at 2]. This April 10th date passed without any documents produced or other communication regarding production. Defendant then filed the instant motion to compel on May 6, 2026.

Plaintiff timely responded to the motion to compel on May 20, 2026. Plaintiff contends that Defendant's motion is "procedurally improper, unnecessary, and moot" and should thus be denied. [DE 51 at 4]. Plaintiff maintains that it has never refused to provide documents in response to Defendant's requests, and Defendant failed to

---

[1] The Court entered its claim construction order on June 2, 2026.

2

adequately meet and confer under the Federal Rules of Civil Procedure or the Court's local rules before filing the motion. Plaintiff also states that it has "now begun producing documents and will continue to do so on a rolling basis," rendering the motion moot. [*Id.*].

On reply, Defendant maintains that it met its conferral obligations before filing the motion, contending that Plaintiff's response suggests that it can produce documents whenever it wants and that Defendant "should simply continue waiting." [DE 52]. Defendant thus argues its motion should be granted, with the Court setting a date certain for Plaintiff to produce the remaining discovery requested.

## II.      Discussion

When a responding party withholds discoverable information responsive to a party's discovery requests, a motion to compel discovery is allowed. Fed. R. Civ. P. 37(a)(3)–(4). But, as Plaintiff contends in its response, before a motion to compel is filed, the parties must first try to work it out among themselves. Federal Rule of Civil Procedure 37 provides that a motion "for an order compelling disclosure or discovery. . . must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). This Court's local rules supplement this by requiring that:

> A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action. The certification must include: (1) the

3

> date, time, and place of any conference or attempted conference; and
> (2) the names of the parties participating in the conference.

N.D. Ind. L.R. 37-1(a). The conferral requirement is not merely a formality. To satisfy this requirement, the parties must have "a true-back-and-forth dialogue." *Vukadinovich v. Hanover Cmty. Sch. Corp.*, No. 2:13-CV-144-PPS-PRC, 2014 WL 667830, at *3 (N.D. Ind. Feb. 20, 2014). Therefore, Defendant, as the party moving to compel discovery, must show that it "engage[d] in two-way communication with the non-moving party [Plaintiff] to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Id.* (internal quotation omitted). Informal resolution plays an important part in the mandate to achieve a "just, speedy, and inexpensive resolution" of an action. Fed. R. Civ. P. 1.

Here, Plaintiff does not dispute the substance or appropriateness of Defendant's requests. Instead, Plaintiff primarily disputes Defendant's conduct attempting to resolve the dispute, contending that Defendant failed to meet its conferral obligations before filing the motion. But Defendant contends that they adequately conferred with Plaintiff before filing the motion.

Defendant's motion states that it initially communicated with Plaintiff about the outstanding responsive documents on February 12, 2026. [DE 50-4]. Plaintiff responded to this initial correspondence by indicating that it "will produce documents responsive to [Defendant's] requests within a reasonable amount of time in accordance with the FRCP and the schedule set by the Court in this case." [DE 50-5 at 2]. Defendant followed up with Plaintiff on March 13, and March 27, 2026. [DE 50-6]. There, Defendant

reiterated that it has not received any documents despite Plaintiff's representations that it would produce them.

Defendant's Declaration and Rule 37-1 Certification [DE 50-7] provides that the parties' counsel then conferred via teleconference on April 1, 2026. Defendant states that, during that conference, "Plaintiff represented that it would address or supplement certain deficiencies." [*Id.* at 1, ¶4]. Defendant also asked Plaintiff to provide a date certain for this production by April 10, 2026, but as of its motion to compel, nothing had been produced or communicated. Plaintiff disputes this, adding that it communicated with Defendant on April 13th and 15th. Plaintiff states that these communications included settlement negotiations, rendering the timing of the motion improper. Plaintiff also contends that the motion is premature because it has now begun producing responsive documents, as it has promised to do.

Plaintiff is correct that courts generally deny motions to compel as moot once the responding party provides the requested discovery. *Romary Assocs., Inc. v. Kibbi LLC, 2011 WL 4005346, at *2 (N.D. Ind. Sept. 8, 2011)* (collecting cases). But the Court cannot find that this proposition warrants a denial for mootness here, as there is no dispute that Plaintiff's production remains incomplete. Defendant propounded these requests over six months before the motion was filed, but Plaintiff only just began producing documents on a "rolling basis." [DE 51 at 10]. Moreover, Plaintiff only began producing documents in May 2026—after the motion to compel was filed. Thus, the motion was apparently necessary to prompt Plaintiff to begin producing responses to the discovery requests.

Similarly, discovery conferrals do not need to "continue[] indefinitely" to satisfy Rule 37. *Boyd v. Lazer Spot, Inc.*, No. 19 C 8173, 2022 WL 2865881, at *1 (N.D. Ill. July 6, 2022) (citing *Cage v. Harper*, No. 17-CV-7621, 2020 WL 1248685, at *21 (N.D. Ill. Mar. 16, 2020). Given the time that has already passed, Defendant did not need to continue communicating and waiting to see if Plaintiff would begin production. Defendant's communications with Plaintiff over the last few months fulfill the purpose of Fed. R. Civ. P. 37(a). *See Vukadinovich v. Hanover Cmty. Sch. Corp.*, No. 2:13-CV-144-PPS-PRC, 2014 WL 667830, at *2 (N.D. Ind. Feb. 20, 2014). Thus, the Court declines to deny Defendant's motion for these reasons.

Plaintiff raises no other objections to Defendant's motion. Accordingly, the Court now **GRANTS** Defendant's Motion to Compel Discovery Responses. [DE 50]. Plaintiff is **ORDERED** to provide complete responses to Defendant's October 2025 Request for Production of Documents by **July 29, 2026**. To the extent that Plaintiff's responses to Defendant's October 2025 interrogatory requests relied on documents that have not yet been produced, Plaintiff must also provide complete interrogatory responses identifying produced documents by that same date.

Finally, under Rule 37(a)(5)(A), the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion [to compel], the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." But the Court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust."

*Id.* Accordingly, the Court further **ORDERS** Plaintiff to file a brief no later than **July 29, 2026**, addressing whether it or its counsel's failure to produce documents in response to Defendant's October 2025 discovery requests was substantially justified or if other circumstances make an award of expenses related to Defendant's Motion to Compel unjust under Fed. R. Civ. P. 37(a)(5)(A).

      **SO ORDERED** this 9th day of July 2026.

                                   s/Scott J. Frankel
                                   Scott J. Frankel
                                   United States Magistrate Judge